THE STATE, MARY B. SOUTHER ET AL., PROSECUTORS, v. THE VILLAGE OF SOUTH ORANGE ET AL.

1. When, after a partial vacation of an assessment of damages and benefits for a street improvement, a re-assessment is made thereof in the village of South Orange, the board of assessments must take into consideration, and determine all the damages and all the benefits from the improvement, in order that the re-assessment, with respect to the parties concerned, may be made as required by the charter, in proportion to the peculiar benefits derived from the improvement, and to the extent of such benefits. If the report of the board shows that they did not so act, the re-assessment cannot be sustained.

2. The board of trustees of the village, in ratifying the re-assessment, altered it by increasing the assessments for benefits on prosecutors. *Held*, that if that board possess power to alter an assessment in substance, it cannot be done arbitrarily, but it must appear that there has been an adjudication that the alteration is one proper to be made; if the alteration increases an assessment for benefits, it must appear that the board examined and adjudged the benefits to be greater than those found by the board of assessments.

On *certiorari* to review assessment made by board of assessments of South Orange.

Argued at February Term, 1884, before Justices KNAPP, DIXON and MAGIE.

For the prosecutors, *W. Talcott.*

For the defendants, *J. M. C. Morrow.*

The opinion of the court was delivered by

MAGIE, J.   Prosecutors complain of an assessment, made September 13th, 1883, by the board of assessments of the village of South Orange, of the damages and benefits occasioned by an improvement made under an ordinance of the board of trustees of said village, altering, laying out and extending a street called Vose avenue, and of the proceedings on such assessment.

The ordinance was originally passed on July 18th, 1882. In October of that year, the then board of assessments made an assessment of damages and an assessment of benefits for said improvement. These were ratified by the board of trustees in January, 1883.   In the following April the assessments and proceedings were removed to this court by a *certiorari*, sued out by the same persons who prosecute this writ.   At the June Term, 1883, the assessments were, on motion of the defendant, vacated as to the prosecutors.

The assessment now before us is therefore a re-assessment after a partial vacation of a former assessment of damages and benefits.

When the present assessment came before the board of trustees of the village, that body passed a resolution adopting and ratifying it, with certain amendments.   These amendments imposed a greater sum for benefits on each of the prosecutors, and in consequence a less sum was imposed on the village.   Neither the resolution nor proceedings of the board give any reason for the amendments thus made.

It is only necessary to consider two of the numerous objections made by the prosecutors to these proceedings.

, It is first contended that the action of the board of trustees in adding to the assessments imposed on prosecutors for benefits was illegal and *ultra vires*. The power of the board of trustees, with respect to assessments of this character, is conferred by the thirty-sixth section of the "Act to revise and amend the charter of the village of South Orange," approved April 4th, 1872. *Pamph. L., p.* 1203. Authority is thereby given to the board of trustees, upon notice and after consideration of the report and map made by the board of assessments, to "adopt and ratify the same, with or without alteration, as to them may seem proper."

The same act had previously provided, with great care, the mode in which the board of assessments were to proceed in determining the amount of such assessments. That board was constituted of officers required to be sworn to a faithful discharge of their duty. They were directed to view the premises affected by their decision. They were permitted to examine witnesses on oath. Thereafter they were enjoined to make the assessments with due regard to the rights of persons concerned, as well as to the value of the lands damaged or peculiarly benefited.

I find it very difficult to believe that it was intended that an adjudication of this sort, hedged around with these precautions, should be capable of being altered in substance by the resolution of the board of trustees, whose act in that respect is not the subject of any express direction other than that it is to be done "as to them may seem proper." But if it was intended to confer on the board of trustees the power of substantially altering an assessment, I think it plain that this direction requires the board, before any alteration of substance can be made, to investigate the subject and to adjudicate that the alteration is proper to be made. It could not be intended that an alteration imposing greater burdens could be made arbitrarily. To justify such increase it must be adjudged by the board that the benefits conferred were proportionately greater than the board of assessments had found them to

be. Viewed in this light, the action of the board of trustees cannot be sustained. There is no adjudication that the benefits of prosecutors were greater than they had been determined to be by the board of assessments. The resolution appears to be a mere arbitrary imposition upon prosecutors for the relief of the municipal corporation.

It is next urged that the re-assessment made by the board of assessments was made in an erroneous and illegal mode.

The power to make this re-assessment is admitted to be only conferred by a supplement to the charter of this village, approved March 30th, 1875, (*Pamph. L., p.* 396,) as amended by another supplement approved April 9th, 1875. *Pamph. L., p.* 609.

By the fifth section of the first of these supplements, it is provided that whenever an assessment has been set aside by the judgment of a court, on *certiorari,* for irregularity or illegality, the board of trustees shall have power to cause a new assessment to be made of so much of the former assessment as has been so set aside. The new assessment is required to be made in all respects in conformity with the original charter of 1872.

By comparing the twentieth and thirty-sixth sections of that charter, it appears that in making an assessment for laying out and opening a public highway, the board of assessments are required to assess damages in favor of the owners of lands taken for or damaged by any improvement, and then to assess those damages upon the owners of real estate, on or within five hundred feet of the line of the whole street improved, which, in their opinion, is peculiarly benefited thereby, in such proportion as they consider such real estate to be benefited, and to the extent of such benefit, and finally to assess the excess of such damages on the village at large.

Whether this mode of assessment is in conformity with constitutional requirements was not questioned on the argument. Assuming it was, the plain duty of the board of assessments was to make the re-assessment, as to prosecutors, in exact conformity with these provisions. This required,

first, a determination as to the amount of damages sustained by prosecutors by reason of the taking of their lands for this improvement. Then, since prosecutors were only liable to assessment in proportion to the peculiar benefits conferred thereby on them compared with such benefits conferred on others, and only to the extent of the peculiar benefits conferred on them, it was further necessary to determine the total amount of damages occasioned by the improvement, and the total amount of peculiar benefits conferred thereby. These determinations were required, not to alter the assessments as to others, for there was no power to do that, but solely to enable the board of assessments to correctly adjudicate as to the proportion of prosecutors' peculiar benefits, and as to the extent to which the damages should be imposed on them.

Such has been the decision of this court upon legislation authorizing re-assessments and substantially similar to that before us in this case. *Ropes* v. *Essex Public Road Board*, 11 *Vroom* 64; *Sutphin* v. *Elizabeth*, 11 *Vroom* 283.

The report of the board of assessments conclusively shows that they failed to perform the duties thus required of them. It is plain that they took into consideration no damages but those suffered by prosecutors. Such damages were imposed only on prosecutors and the village, while their report and map show other lands peculiarly benefited, the benefits of which they did not take into the account, and which might have operated in relief of prosecutors.

For this reason the assessment as to prosecutors must be vacated and set aside, with costs.